IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN FRANKLIN GRISSINGER JR., )
                                         )
        Plaintiff, )
                                         )
  -vs- ) Civil Action No. 15-202
                                         )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
                                         )
        Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14, 16 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 13) and denying Defendant's Motion for Summary Judgment. (ECF No. 15).

### **I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff alleges her disability began on June 10, 2011. (ECF No. 24, p. 1). Administrative Law Judge ("ALJ"), Barbara Artuso, held a hearing on July 23, 2013. (ECF No. 19-2, pp. 41-73). On March 19, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 25-34).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 13 and 15). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Plaintiff's Subjective Complaints of Pain – Lack of Medical Insurance

Plaintiff's only argument is that the ALJ failed to properly evaluate Plaintiff's subjective complaints, resulting in a finding not supported by substantial evidence. (ECF No. 14, pp. 8-11). Specifically, Plaintiff suggests that the ALJ improperly diminished his credibility for his lack of treatment without properly accounting for Plaintiff's lack of insurance. *Id.* After careful consideration, I agree.

It is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility. *See Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." S.S.R. 96-7p. Ordinarily, an ALJ's credibility determination is entitled to great deference. *See Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014); *Reefer v. Barnhart,* 326 F.3d 376, 380 (3d Cir.2003).

3

As the ALJ stated, she must follow a two-step process when assessing pain: first, she must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's pain or other symptoms; and, second, she must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning. (ECF No. 9-2, p. 29). Pain alone, however, does not establish a disability. 20 C.F.R. §§ 404.1529(a); 416.929(a). Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reasons for rejecting non-medical testimony. *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 121 (3d Cir. 2000).

In determining the limits on a claimant's capacity for work, the ALJ will consider the entire case record, including evidence from the treating, examining, and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities, descriptions of pain, precipitating and aggravating factors, type, dosage, effectiveness and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 96-7p. The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about her limitations or symptoms is less than fully credible. *See Burns v. Barnhart*, 312 F.3d 113, 129–30 (3d Cir. 2002).

Here, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (ECF No. 9-2, p. 30). In support of this conclusion, the ALJ cited several times to evidence that Plaintiff's treatment was conservative. *See, e.g., id.* at 31 (stating that there was "no documentation of any subsequent treatment for the claimant's alleged neck and related symptoms"); *id.* (stating that "Plaintiff's treatment history does "not fully support the degree of limitation he alleges with regard to his neck impairment"); *id.* ("the only treatment the claimant has received has been medication and a

4

course of physical therapy"); *id.* (indicating that Plaintiff "has [not] undergone injections"); *id.* (pointing out that Plaintiff "has not reported to the emergency room with any exacerbations of his neck pain or to request refills of his medication"); *id.* ("no emergency room visits for neck pain"); *id.* at 32 (the ALJ's residual functional capacity is based, in part, on "the claimant's conservative treatment history"). Plaintiff contends that the ALJ erred in concluding he lacked credibility due to conservative treatment because the ALJ failed to address Plaintiff's inability to afford such treatment due to lack of health insurance. (ECF No. 14, pp. 10-11).

It is well-established that an "ALJ may rely on lack of treatment, or the conservative nature of treatment, to make an adverse credibility finding, but only if the ALJ acknowledges and considers possible explanations for the course of treatment." *Wilson v. Colvin*, No. 3:13-cv-02401-GBC, 2014 WL 4105288, at * 11 (M.D. Pa. Aug. 19, 2014). As set forth in Social Security Ruling 96-7p, however, "[t]he adjudicator must not draw any inferences about an individual's symptoms and their functional effect from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p, 1996 WL 374186, at **7-8. Possible explanations that may provide insight into an individual's credibility include the inability to afford treatment and/or lack of access to free or low-cost medical services. *Id.* Courts routinely have remanded cases in which the ALJ's credibility analysis fails to address evidence that a claimant declined or failed to pursue more aggressive treatment due to lack of medical insurance. *See, e.g., Newell v. Comm'r of Soc. Sec.,* 347 F.3d 541, 547 (3d Cir. 2003); *Wilson,* 2014 WL 4105288, at 11-12; *Kinney v. Comm'r of Soc. Sec.,* 244 F. App'x 467, 470 (3d Cir. 2007); *Sincavage v. Barnhart*, 171 F. App'x 924, 927 (3d Cir. 2006); *Henderson v. Astrue*, 887 F. Supp. 2d 617, 638-39 (W.D. Pa. 2012); *Plank v. Colvin*, Civ. No. 12-4144, 2013 WL 6388486, at *8 (E.D. Pa. Dec. 6, 2013).

In this case, Plaintiff adequately explained his lack of treatment. (ECF No. 9-2, p. 53). Specifically, he testified that he was not seeing a doctor because he did not have medical

5

insurance and could not afford a doctor without income. (ECF No. 9-2, p. 53). Therefore, it would have been unreasonable to assume that Plaintiff would have sought medical treatment if he was experiencing the neck pain and functional limitations as alleged. *Newell,* 347 F.3d at 547. I note that ALJ acknowledged that Plaintiff testified that he did not have medical insurance. (ECF No. 9-2, p. 29). The ALJ, however, never stated whether she credited that testimony and, as set forth above, clearly cited conservative treatment and lack of treatment as reasons to discredit the claimed intensity, persistence, and limiting effects of Plaintiff's neck pain.[1] (ECF No. 9-2, pp. 29-32). Because the ALJ failed to consider Plaintiff's explanation for his conservative treatment course, her rejection of Plaintiff's credibility on this ground cannot stand. *See Wilson,* 2014 WL 4105288, at *11; S.S.R. 96-7p.

Therefore, remand is warranted. Upon remand, the ALJ must reassess Plaintiff's credibility in accordance with S.S.R. 96-7p.

An appropriate order shall follow.

.

---

[1] I note that the ALJ seems to further discredit Plaintiff for reporting to the emergency room for other acute issues but not for any exacerbations of his neck pain or to request refills of his medication. (ECF No. 9-2, p. 31). The ALJ does not elaborate further. Therefore, I am unable to discern if the ALJ is relating this to Plaintiff's lack of insurance, as Defendant suggests.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN FRANKLIN GRISSINGER JR., )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 15-202
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of October, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 13) is granted and Defendant's Motion for Summary Judgment (Docket No. 15) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                BY THE COURT:

                                s/ Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge